Filed 1/3/24  P. v. Collier CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TORIANO COLLIER,<br><br>    Defendant and Appellant. | A165532<br><br>(Napa County Super. Ct. Nos. 21CR000304, 21CR000340, 21CR000382, 21CR000832, 21CR000871) |

In this appeal, Toriano Collier asks us to interpret newly enacted Penal Code section 1385, subdivision (c) (section 1385(c)),[1] which directs trial courts to dismiss sentencing enhancements in the interests of justice in cases involving mitigating circumstances, as also applicable to prior strikes under California's "Three Strikes" law.  Collier pleaded no contest to four counts of identity theft, alcohol-related reckless driving, and conspiracy to commit identity theft, and admitted a prior strike conviction.  At sentencing, Collier moved to dismiss the prior strike conviction pursuant to section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.  The trial court denied the motion and sentenced Collier to a total of six years in prison.  Following *People v. Burke* (2023) 89 Cal.App.5th 237 (*Burke*) and *People v.*

---

[1] Undesignated statutory references are to the Penal Code.

*Olay* (Dec. 21, 2023, A166288) ___ Cal.App.5th ___ [2023 Cal.App. LEXIS 983] (*Olay*), we conclude section 1385(c) did not apply to Collier's motion, and the trial court did not otherwise abuse its discretion in denying the motion. We affirm.

## BACKGROUND

The People charged Collier in five separate cases, which were eventually consolidated. We briefly summarize the facts of each case based on the probation reports and Collier's negotiated plea agreement. All told, there were 135 victims in the five cases. Collier also pleaded guilty to a federal charge of possession of stolen mail (18 U.S.C. § 1708).

### A. Case No. 21CR000304

On February 15, 2020, a resident of American Canyon contacted police reporting he had found stolen mail in his backyard. Police collected mail addressed to 17 different individuals. Investigators processed the mail for latent prints, and found Collier's fingerprints on several different pieces of mail.

Collier pleaded no contest to one count of identity theft with a prior (§ 530.5, subd. (c)(2)). He also admitted that he had suffered a prior strike conviction for first degree robbery with a firearm in 1993. The People dismissed the remaining counts. Collier also admitted eight of the aggravating factors set out in California Rules of Court, rule 4.421: (1) he was being convicted of other crimes for which consecutive sentences could have been imposed, but for which concurrent sentences were being imposed; (2) the crime was carried out in a manner that indicates "planning, sophistication, or professionalism"; (3) the crime involved an "attempted or actual taking or damage of great monetary value"; (4) the crime involved a "large quantity of contraband"; (5) his prior convictions were "numerous or of

2

increasing seriousness"; (6) he had served a prior prison term; (7) he was on probation when the present offenses were committed; and (8) his prior performance on probation was "unsatisfactory."

**B. Case No. 21CR000340**

On April 13, 2020, police observed Collier weaving across driving lanes. Officers searched the vehicle during the ensuing traffic stop and found stolen checks, credit cards, mail addressed to various individuals and businesses in the vehicle, as well as marijuana, methamphetamine and marijuana pipes, and an open alcohol container. Collier's blood sample taken at booking tested positive for methamphetamine and marijuana.

Collier pleaded no contest to one count of identity theft with a prior (§ 530.5, subd. (c)(2)) and one count of alcohol-related reckless driving (Veh. Code, § 23103.5). The People dismissed the remaining counts. Collier admitted the prior strike allegation and the same eight factors in aggravation as in case No. 21CR000034 above.

**C. Case No. 21CR000382**

On July 3, 2020, police officers (familiar with Collier based on prior investigations) approached him and he consented to a search of his nearby vehicle. Among other things, the vehicle contained stolen checks, identification cards, credit cards, and mail addressed to various individuals and businesses.

Collier pleaded no contest to one count of identity theft with a prior (§ 530.5, subd. (c)(2)). The People dismissed the remaining counts. Collier admitted the prior strike allegation and the same eight factors in aggravation detailed above.

3

## D. Case No. 21CR000832

On April 1, 2020, police officers initiated a traffic stop and Collier consented to a search of his vehicle. The search revealed stolen checks, social security cards, driver's licenses, credit cards, bank documents, car titles, and mail addressed to various individuals. One of the driver's licenses belonged to a citizen who had previously reported that someone named "Collier" had applied to open a credit card account in her name. Collier's phone contained text messages with multiple individuals coordinating the creation of fraudulent accounts. Video footage also captured Collier using one of these fraudulent accounts, approaching an ATM and attempting to cover the camera.

Collier pleaded no contest to one count of conspiracy to commit identifying information theft (§ 182, subd. (a)(1)). The People dismissed the remaining counts. Collier admitted the prior strike allegation and the same eight factors in aggravation detailed above, along with a ninth factor that he induced others to participate in the crime or "occupied a position of leadership or dominance" of the other participants. (Cal. Rules of Court, rule 4.421(a)(4).)

## E. Case No. 21CR000871

On April 28, 2020, police officers observed that Collier's vehicle windows were excessively tinted (Veh. Code, § 26708), and initiated a traffic stop. A search revealed credit cards, bank documents, and mail addressed to other individuals. Collier pleaded no contest to one count of identity theft with a prior (§ 530.5, subd. (c)(2)). The People dismissed the remaining counts. Collier admitted the prior strike allegation and the same eight factors in aggravation as in the first three cases.

## F. *Romero* Motion

Along with the sentencing memorandum, defense counsel filed a motion requesting dismissal of Collier's prior strike conviction pursuant to section 1385 and *Romero*. The motion identified four factors that it argued had placed Collier "outside the spirit of the Three Strikes law." Specifically, it noted the current offenses were non-violent, the 1993 prior strike conviction was remote, Collier's criminal record lacked a history of violence and was "primarily related to his substance abuse problem," and the lengthy sentence that would result in this case would be "excessive." The sentencing memorandum argued that a four-year term was appropriate in light of Collier's sentencing in a federal case, where he had pleaded guilty to one count of possession of stolen mail (18 U.S.C. § 1708) and was sentenced to 21 months in prison. Collier also submitted a declaration describing childhood abuse, substance abuse, and mental health issues.

The People asked the court to deny the motion and impose a 10-year prison term (the maximum sentence under the plea agreement). The People cited "the serious nature of these offenses involving over one-hundred-twenty identified potential victims; the sophisticated nature of the criminal enterprise which took place at the height of the inaugural COVID-19 pandemic shutdown; the defendant's abysmal criminal history; and the fact that he was on nine grants of probation at the time he committed these offenses." The People provided an overview of Collier's "extensive criminal record dating back to 1990 with twenty-eight prior felony convictions and two prison commitments," including multiple arrests while on parole, as well as pleas in nine Solano County cases for offenses in 2015 to 2018 that ranged from commercial burglary and vandalism to identity theft. The People described the facts of the 1993 prior strike conviction as " 'horrific.' " Collier

and two other men had broken into a family residence, ordered a victim and her young children out of the home and into a van, held them at gunpoint, and then stopped nearby and fled the van.

Defense counsel filed a reply brief. The reply noted that the Legislature had recently amended section 1385 to add subdivision (c), which provided in relevant part that the court "shall dismiss an enhancement if it is in the furtherance of justice to do so," and in exercising such discretion, the court "shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." Collier argued that this analytical framework applied to the pending *Romero* motion. He contended that the mitigating factors under section 1385(c) included: (1) current offense connected to mental illness; (2) current offense connected to childhood trauma; (3) current offense not a violent felony; and (4) enhancement based on prior conviction over five years old. (§ 1385, subd. (c)(2)(D)–(F), (H).)

### G. Trial Court's Ruling

At the sentencing hearing, the court stated that it had reviewed the *Romero* motion, opposition, and reply, as well as the probation report and the sentencing memoranda in both this consolidated case and the federal stolen mail case. The trial court indicated it was "grappling with the new legislation Penal Code 1385 subdivision (c) and whether that applies to strike priors or not." It referenced "long-standing common law holdings that consider factors that double a sentence are considered alternative sentences and not enhancements."

The court explained that, even if section 1385(c) was applicable to strike priors, dismissing the prior strike would be "a little difficult in this case." The court noted Collier's prior felony convictions, poor performance

6

while on parole, and nine grants of probation in Solano County.  It continued: "While he's on probation in Solano he decides now to start committing crimes in Napa.  And over a period of five months, he victimized a number of people . . . this is a course of conduct that has been going on for about 30 years now.  With some period of being a law abiding citizen, but for the bulk of it he's been convicted of felony convictions left and right in different jurisdictions."  The current offenses involved a "well-organized" and "very sophisticated" identify theft ring, where Collier would draw money from victim's accounts, attempt to open credit cards, redirect mail and packages, compile information, and take "screenshots of this information so he [could] share with his culprits."

The trial court denied the *Romero* motion.  In case No. 21CR000832, it sentenced Collier to the upper term of three years in prison, doubled to six years due to the prior strike conviction.  The court imposed concurrent sentences of 16 months, doubled to 32 months due to the prior strike, on each of the counts for identify theft with a prior in the other four cases.

This appeal followed.

## DISCUSSION

Section 1385, subdivision (a) authorizes trial courts to dismiss an action "in furtherance of justice."  In *Romero,* our Supreme Court held that a trial court's discretion under section 1385, subdivision (a) includes the power to dismiss a prior conviction alleged under the Three Strikes law.  (*Romero, supra,* 13 Cal.4th at pp. 529–530.)  "The 'Three Strikes' law provides that for a defendant convicted of a felony who has sustained two or more qualifying prior felony convictions—commonly known as strikes—'the term for the current felony conviction shall be an indeterminate term of life imprisonment,' with the 'minimum term . . .' being the greatest of three

7

options" (*People v. Acosta* (2002) 29 Cal.4th 105, 108), one of which is 25 years (§§ 667, subd. (e)(2)(A)(ii), 1170.12, subd. (c)(2)(A)(ii)).

In deciding whether to strike a prior strike, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

Collier argues that the framework set forth in the recently added subdivision (c) of section 1385 applies to this analysis. Effective January 1, 2022, that subdivision provides, in relevant part: "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present." (Stats. 2021, ch. 721, § 1.) As noted above, Collier contends there are four mitigating factors from section 1385(c)—a current offense connected to mental illness, also connected to childhood trauma, and not a violent felony, plus a prior conviction over five years old—that the trial court did not " 'consider and afford *great weight*' " in denying his motion.

Collier's argument raises a question of statutory construction. "Pursuant to established principles, our first task in construing a statute is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. In determining such intent, a court must look first to the words of the

8

statute themselves, giving to the language its usual, ordinary import and according significance, if possible, to every word, phrase and sentence in pursuance of the legislative purpose. A construction making some words surplusage is to be avoided. The words of the statute must be construed in context, keeping in mind the statutory purpose, and statutes or statutory sections relating to the same subject must be harmonized, both internally and with each other, to the extent possible." (*Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1386–1387.)

Here, Collier points to dictionary definitions of the term "enhancement," as well as legislative history generally describing an intent to reduce sentencing disparities, to argue that the "ordinary" meaning of section 1385(c) is broad and includes prior strike convictions. But when a term "has developed a particular meaning in the law, we generally presume the legislative body used the term in that sense rather than relying on ordinary usage. 'It is a well-recognized rule of construction that after the courts have construed the meaning of any particular word, or expression, and the legislature subsequently undertakes to use these exact words in the same connection, the presumption is almost irresistible that it used them in the precise and technical sense which had been placed upon them by the courts.' " (*In re Friend* (2011) 11 Cal.5th 720, 730; see also § 7, subd. (16) [Words and phrases that have "acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning"].)

With this principle in mind, the plain language of section 1385(c) clearly demonstrates it is not applicable here. *Burke* and *Olay* are instructive on the point. In *Burke*, the appellate court explained that section 1385(c) "expressly applies to the dismissal of an 'enhancement.' " (*Burke, supra*, 89 Cal.App.5th at p. 243.) "The term 'enhancement' has a well-established

9

technical meaning in California law.  [Citation.]  'A sentence enhancement is "an additional term of imprisonment added to the base term." ' " (*Ibid.*, citing *Romero, supra*, 13 Cal.4th at pp. 526–527 and quoting *People v. Jefferson* (1999) 21 Cal.4th 86, 101.)  "It is equally well established that the Three Strikes law is not an enhancement; it is an alternative sentencing scheme for the current offense." (*Burke*, at p. 243, citing *Romero*, at p. 527.)  "We presume the Legislature was aware of, and acquiesced in, both this established judicial definition of enhancement and the distinction between an enhancement and an alternative sentencing scheme such as the Three Strikes law." (*Burke*, at p. 243.)

     *Olay* also concluded that section 1385(c) does not apply to the Three Strikes law.  (*Olay, supra*, 2023 Cal.App. LEXIS 983 at p. *9.)  It reasoned that "If the Legislature had wanted section 1385, subdivision (c) to apply to prior strikes as well as to enhancements as legally defined, it would have said so," but "The legislative history confirms the Legislature had no such intent." (*Olay*, at p. *10.)  For example, analysis by the Assembly Committee on Public Safety "distinguished an 'enhancement' from 'an alternative penalty scheme' like the Three Strikes law," and explicitly stated that " '[t]he presumption created by this bill applies to enhancements [] *but does not encompass alternative penalty schemes.*' " (*Ibid.*)  The court concluded:  "A more unambiguous statement of the Legislature's intent to adopt the legal meaning of enhancement for section 1385, subdivision (c) can hardly be imagined." (*Ibid.*)  We agree with *Burke* and *Olay* that the framework for considering mitigating circumstances under section 1385(c) did not apply to Collier's motion to dismiss his prior strike conviction.

     We do not see any basis to conclude that the trial court otherwise abused its discretion in denying the motion.  (*People v. Carmony* (2004)

10

33 Cal.4th 367, 375; see also *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977 [" 'The burden is on the party attacking the sentence [imposed for a criminal conviction] to clearly show that the sentencing decision was irrational or arbitrary' "].) At the sentencing hearing, the court stated it had reviewed the briefing on the motion, probation report, memoranda from both parties in this case, as well as the memoranda in Collier's federal case. The court considered the nature and seriousness of Collier's current offenses, which involved Collier's participation in a "well-organized" and "very sophisticated" identify theft ring that victimized a number of people. While Collier's original strike conviction was approximately 30 years prior, the court noted his poor performance on parole and probation, and recognized that during the "bulk" of the intervening period, Collier had been "convicted of felony convictions left and right in different jurisdictions." (See, e.g., *People v. Vasquez* (2021) 72 Cal.App.5th 374, 390 ["A prior strike conviction is not considered 'remote' for the purposes of mitigation where the defendant has not demonstrated a prolonged period of rehabilitation (a crime free life) in the interim"].) The record thus reflects that the trial court balanced relevant factors here and " 'reached an impartial decision in conformity with the spirit of the law.' " (*Carmony*, at p. 378.)

In sum, we conclude the trial court did not abuse its discretion in denying Collier's motion to dismiss his prior strike conviction.

## DISPOSITION

The judgment is affirmed.

_____
Markman, J.*

We concur:

_____
Stewart, P.J.

_____
Richman, J.

*People v. Collier* (A165532)

      * Judge of the Alameda Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.